# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CORPORATIVO GRUPO R SA DE C.V. § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL ACTION NO.4:16-CV-2998 |
| § | |
| MARFIELD LIMITED § | |
| INCORPORATED AND SHANARA § | |
| MARITIME INTERNATIONAL, S.A. § | |

## DEFENDANTS'
## ORIGINAL ANSWER

Defendants Marfield Limited Incorporated and Shanara Maritime International, S.A. file this joint answer to Plaintiff Corporativo Grupo R SA de C.V. in the above-entitled action and state:

### FIRST DEFENSE

1. Grupo fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

2. Subject to and without waiving its defenses, Defendants answer the allegations contained within the separately numbered paragraphs of Plaintiff's Complaint as follows:

**A.    JURISDICTION**

3.    Defendants admit that this Court has jurisdiction as alleged in Paragraph 1, but denies the allegations regarding confirming and arbitration award.

4.    Defendant admit to paragraph 2. Venue is proper in the Southern District of Texas.

**B.    PARTIES**

5.    Defendants admit to Paragraphs 2 through 5.

**B[1].    RELEVANT FACTS**

**I.    General Background**

6.    Defendants do not have enough information to admit or deny Paragraph 6.

7.    Defendants deny Paragraph 7.

8.    Regarding Paragraph 8, Defendants deny because the vessels were seized on March 6, 2014.

9.    Regarding Paragraph 9, Defendants deny. The Vessels were not part of bankruptcy until December 2014. The Mexican Attorney General ("PGR") submitted the application for OSA's bankruptcy on April 9, 2014, and the application reached the court on April 10, 2014. The Court admitted the submission on April 14, 2014. The seizure from the Bankruptcy court happened on or about December 2014.

10.    Regarding Paragraph 10, Defendants deny.

---

[1]    The Complaint has a typographical error that two sections are denoted "B".

11.     Regarding Paragraphs 11-14, Defendants admit there are two Memorandum of Agreements, but denies the allegations regarding the Defendants' obligation to return the deposit. Furthermore, Grupo defaulted by not paying the deposit timely.

12.     Regarding Paragraphs 15-16, Defendants deny the allegation. The Second Seizure was not in place at this time.

13.     Regarding Paragraph 17, Defendants admit that the arbitration was initiated on July 19, 2015, but denies the remaining allegations.

## II.     The Mexican Court Proceedings

14.     Regarding Paragraph 18, Defendants deny. Under Mexican Law, these proceedings are not lawsuits but just preventive measures to guarantee payment upon an eventual result in the arbitration.

15.     Regarding Paragraph 19, Defendants deny. The seizure by PGR of the MARANGO was ruled illegal on June 19, 2015 by the Campeche Court. PGR and other Mexican agencies contested this decision, but it was confirmed. The arrest in respect of MAYA was declared illegal on November 6, 2015.

16.     Regarding Paragraph 20-21, Defendants deny. The seizures were ruled illegal and Grupo R fought the efforts to have the seizures invalidated. The Vessels should never have been subject to the Second Arrest. Grupo was not legally allowed to pursue the Mexican Court Proceedings before the London Arbitration. Also, there was not property jurisdiction for the Mexican Court Proceedings.

17.     Regarding Paragraph 22, Defendants deny.

18. Regarding Paragraph 23, Defendants admit.

19. Regarding Paragraph 24-26, Defendants deny. The renewal bond was posted but was later released by the court. The Mexican Court has not subsequently required a substitute security.

### III. The London Arbitration Proceedings

20. Regarding Paragraph 27-30, Defendants deny.

21. Regarding Paragraph 31-32, Defendants admit that correct copies of the awards are attached as Dkt. 1-4 at 8-54, Dkt. 1-5 at 1-45 and Dkt. 1-6 at 1-54. The text in those orders speaks for itself. Defendants deny the allegations in the Burdass Declarations regarding Defendants' responsibilities under the orders.

22. Regarding Paragraph 33, Defendants Deny.

## C. CAUSES OF ACTION

### I. First Cause of Action: Recognition of the MAYA Award in Favor of Grupo R.

23. Regarding Paragraph 34, Defendants Deny.

24. Regarding Paragraph 35, Defendants Deny. Grupo R arrested the vessels in Mexico.

25. Regarding Paragraph 36, Defendants Admit.

26. Regarding Paragraph 37-39, Defendants Deny.

### II. Second Cause of Action: Recognition of the MARANGO Award in Favor of Grupo R.

27. Regarding Paragraph 40, Defendants Deny.

Case 4:19-cv-01963   Document 21   Filed on 06/25/19 in TXSD   Page 5 of 7

28. Regarding Paragraph 41, Defendants Deny. Grupo R arrested the vessels in Mexico.

29. Regarding Paragraph 42, Defendants Admit.

30. Regarding Paragraph 43-45, Defendants Deny.

III. **Third Cause of Action: Writ of Attachment of Marfield's and Shanara's Property Pursuant to Tex. Civ. Prac. & Rem. Code § 61.001, et seq.**

31. Regarding Paragraphs 46, Defendants deny.

32. Regarding Paragraphs 47-55, Defendants deny. When the Vessels were removed Mexico, it was with permission and knowledge of all authorities. Furthermore, the Vessels do not have transitory capabilities.

33. Regarding Paragraph 56, Defendant deny. Defendants have attached far in excess of the claim amount. If operational, the daily rate for the Vessels are substantial. A de minimis security bond is insufficient to protect the Defendants.

### THIRD DEFENSE

34. Pleading further and in the alternative, Defendants plead that the alleged arbitration award is subject to offset and credit.

### FOURTH DEFENSE

35. Pleading further and in the alternative, Defendant allege that Plaintiff has seized property valued far in excess of the claim amount.

Defendants' Original Answer                                                                                              Page 5 of 7

### FIFTH DEFENSE

36. Pleading further and in the alternative, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE

37. Pleading further and in the alternative, Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### SEVENTH DEFENSE

38. Plaintiff claims are barred in whole or in part by its prior breach or repudiation of the material terms of the contract.

### EIGHTH DEFENSE

39. Plaintiff damages are caused in whole or in part by a third party.

### NINTH DEFENSE

40. Plaintiff's claims are barred by Plaintiff's own fraud and the common law doctrine of unclean hands.

### REQUEST FOR RELIEF

41. For these reasons, Defendants requests that Plaintiff take nothing by its claims and that Defendants be granted all other further relief, at law and in equity, to which they are justly entitled.

Respectfully Submitted,

**MILLS SHIRLEY L.L.P.**
2228 Mechanic Street, Suite 400
Galveston, TX 77550
Phone/Fax: 409.761.4001

By: */s/ Robert E. Booth*
    Robert E. Booth, Attorney-in-Charge
Texas Bar No. 24040546
S.D. Texas Bar No. 36858
rbooth@millsshirley.com
    Andres "Andy" O. Soto
Texas Bar No. 24071128
S.D. Texas Bar No. 1057789
asoto@millsshirley.com

**ATTORNEYS FOR DEFENDANTS,**

**MARFIELD LIMITED INCORPO-
RATED AND SHANARA MARITIME
INTERNATIONAL, S.A.**

## CERTIFICATE OF SERVICE

I certify that on **June 25, 2019**, I served a copy of the foregoing document using the CM/ECF system on all parties.

    */s/ Robert E. Booth*
Robert E. Booth
Texas Bar No. 24040546
S.D. Texas Bar No. 36858