**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CORPORATIVO GROUPO R SA de C.V.,** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| **vs.** | § | **CIVIL ACTION NO. H-19-1963** |
| | § | |
| **MARFIELD LIMITED INCORPORATED,** | § | |
| **and SHANARA MARITIME** | § | |
| **INTERNATIONAL, S.A.,** | § | |
| | § | |
| **Defendants** | § | |

## VERIFIED COMPLAINT IN INTERVENTION

Intervenor-Plaintiffs, Caterpillar Financial Services Asia Pte Ltd, Eksportfinans ASA, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH, for their Verified Complaint in Intervention, respectfully represent as follows:

## THE PARTIES

1.      Intervenor-Plaintiff, Caterpillar Financial Services Asia Pte Ltd ("**Caterpillar**") is a company incorporated in Singapore and having its place of business at 14 Tractor Road, Singapore 627973.

2.      Intervenor-Plaintiff, Eksportfinans ASA ("**Eksportfinans**") is a company incorporated in Norway and having its place of business at Dronning Mauds gate 15, NO-0250 Oslo, Norway.

3.      Intervenor-Plaintiff, the Norwegian Government is a foreign sovereign, and is represented by the Norwegian Ministry of Trade and Industry, who is represented by Eksportkreditt Norge AS (collectively, "**Norway**"), who has its place of business at Cort Adelers gate 30, NO-0251 Oslo, Norway.

4.      Intervenor-Plaintiff, KFW IPEX-Bank GmbH ("**KFW**,") is a German financial institution having its principal place of business at Palmengartenstraβe 5-9, 60325, Frankfurt, Germany. Caterpillar, Eksportfinans, Norway, and KFW are sometimes collectively referred to herein as the "**Lenders**."

5.      Defendant, Marfield Ltd., Inc. ("**Marfield**") is a Panama corporation having its principal place of business in Edifico Hong Kong Bank 6 Piso, Samuel Lewis Avenue, Panama. Marfield is already a party in this case and therefore no additional service of process is requested.

6.      Defendant, Shanara Maritime International S.A. ("**Shanara**" and collectively with Marfield, the "**Borrowers**") is a Panama corporation having its principal place of business at Edifico Capital Plaza, 8 Piso Costa del Este, Ave. Roberto Motta, Panama City, Panama. Shanara is already a party in this case and therefore no additional service of process is requested.

7.      Defendant, the M/V CABALLO MAYA, a Panama flagged DP3 offshore construction vessel bearing registration number 42480-11 (the "**Maya**") is owned by Marfield, and is subject to several preferred ship mortgages in favor of Caterpillar and Eksportfinans (collectively, the "**Marfield Lenders**"). The Maya is afloat within the Southern District of Texas and is within the jurisdiction of this Court.

8.      Defendant, the M/V CABALLO MARANGO, a Panama DP3 offshore construction vessel bearing registration number 44435-12 (the "**Marango,**"), is owned by Shanara, and is subject to several preferred ship mortgages in favor of Caterpillar and Norway (collectively, the "**Shanara Lenders**"), and KFW. The Marango is afloat within the Southern District of Texas and is within the jurisdiction of this Court. The Marango and the Maya are sometime collectively referred to herein as the "**Vessels.**"

9.      This is an action against (i) the Borrowers, *in personam*, for their failure to repay several loans provided by the Lenders, and (ii) the Vessels, their engines, boilers, tackle, apparel, etc., *in rem*, to recognize the Lenders' Preferred Ship Mortgages and maritime liens over the Vessels. The Vessels were previously attached pursuant to Court Order dated May 31, 2019 (Rec. Doc. 7) and are currently under seizure by the United States Marshal. (Rec. Doc. 17). Borrowers entered a general appearance in this lawsuit on June 25, 2019 (Rec. Doc. 21).

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims, and is brought for the enforcement of several preferred ship mortgages under the Ship Mortgage Act, 46 U.S.C. § 31301, *et seq.*

11.      This Court also has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because the underlying and competing claims to the Vessels form part of the same case or controversy as the original lawsuit filed by plaintiff, Corporativo Groupo R SA de C.V.

12.      Venue is proper in this district because the Vessels are located within this district, as required by 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### THE MARFIELD LOAN

#### *The Marfield Lenders' Loan to Marfield and Preferred Ship Mortgages over the Maya.*

13.      On or about December 12, 2008, the Marfield Lenders provided a loan to Marfield in the principal amount of $89,420,000, together with interest, attorneys' fees, and costs (the "**Marfield Loan**"), as more fully set forth in the Term and Construction Loan Agreement, as amended by the Variation Agreement, and Second Variation Agreement. Caterpillar's

participation in the Marfield Loan was $45,420,000; Eksportfinans' participation in the Marfield Loan was $44,000,000. True and correct copies of the Marfield Loan Agreement dated December 12, 2008, Marfield Variation Agreement dated April 1, 2009, and Marfield Second Variation Agreement dated June 18, 2010 are attached hereto *in globo* as Exhibit "1," and incorporated herein by reference. The Marfield Loan Agreement, and all Marfield Variation Agreements amending the Marfield Loan Agreement (discussed *infra*), are hereinafter collectively referred to as the "**Marfield Loan Agreement**."

14.    To secure payment of all sums due to Eksportfinans under the Marfield Loan Agreement, Marfield, as Mortgagor, duly executed and delivered to Eksportfinans, as Mortgagee, a First Preferred Ship Mortgage dated December 19, 2008 on the whole of the Maya, her engines, tackle, apparel, etc., all as more fully described therein. The First Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Loan Documents." (Exhibit "2", Section 1.1 "Secured Debt", 2.1.1). Eksportfinans caused the First Preferred Ship Mortgage to be recorded on the Maya with the Panama Maritime Authority on January 26, 2009. A true and correct copy of the First Preferred Ship Mortgage is attached hereto as Exhibit "2" and is incorporated herein by reference.

15.    To secure payment of all sums due to Caterpillar under the Marfield Loan Agreement, Marfield, as Mortgagor, duly executed and delivered to Caterpillar, as Mortgagee, a Second Preferred Ship Mortgage dated December 19, 2008 over the whole of the Maya, her engines, tackle, apparel, etc., all as more fully described therein. The Second Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the

Loan Documents." (Exhibit "3", Section 1.1 "Secured Debt", 2.1.1). Caterpillar caused the Second Preferred Ship Mortgage to be recorded on the Maya with the Panama Maritime Authority on January 26, 2009. A true and correct copy of the Second Preferred Ship Mortgage is attached hereto as Exhibit "3" and is incorporated herein by reference.

16.     As further security for the outstanding sums due to Caterpillar, Marfield also executed a Third Preferred Ship Mortgage dated April 17, 2014 over the whole of the Maya in favor of Caterpillar, which was duly recorded with the Panama Maritime Authority on May 28, 2014. The Third Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Loan Documents." (Exhibit "4", Section 1.1 "Secured Debt", 2.1.1). A true and correct copy of the Third Preferred Ship Mortgage is attached hereto as Exhibit "4" and is incorporated herein by reference.

17.     From November 16, 2010 through March 10, 2015, the Marfield Lenders and Marfield executed a series of amendments to the Marfield Loan Agreement (entitled "Variation Agreements"), reaffirming Marfield's obligations under the Marfield Loan Agreement, extending the term of the Marfield Loan, and deferring Marfield's payments due under the Marfield Loan Agreement. True and correct copies of the Third Variation Agreement dated November 16, 2010, the Fourth Variation Agreement dated June 27, 2014, the Fifth Variation Agreement dated January 7, 2015, and the Sixth Variation Agreement dated March 10, 2015, are attached hereto as Exhibits "5" through "8."

18.     On July 10, 2015, Caterpillar provided an additional loan facility of $3,500,000 to Marfield through the Seventh Variation to the Loan Agreement, which is secured by the Second Preferred Ship Mortgage and the Third Preferred Ship Mortgage. A true and correct copy of the

Seventh Variation Agreement is attached hereto as Exhibit "9." Additionally, on July 23, 2015, Marfield executed a Fourth Preferred Ship Mortgage in favor of Caterpillar to secure all outstanding amounts due under the Marfield Loan, which was duly recorded with the Panama Maritime Authority on December 27, 2016. The Fourth Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Loan Documents." (Exhibit "10", Section 1.1 "Secured Debt", 2.1.1). A copy of the Fourth Preferred Ship Mortgage is attached as Exhibit "10" and is incorporated herein by reference.

19.     From November 22, 2015 through December 21, 2016, the Marfield Lenders and Marfield executed another series of Variation Agreements to the Marfield Loan Agreement reaffirming Marfield's obligations under the Marfield Loan Agreement, and deferring Marfield's payments due under the Marfield Loan Agreement. True and correct copies of the Eighth Variation Agreement dated November 22, 2015, Ninth Variation Agreement date February 25, 2016, Tenth Variation Agreement dated June 23, 2016, Eleventh Variation Agreement dated November 2, 2016, and Twelfth Variation Agreement dated December 21, 2016 are attached hereto as Exhibits "11" through "15."

20.     On February 23, 2017, Caterpillar provided an additional loan facility of $16,400,000 to Marfield through the Thirteenth Variation to the Loan Agreement. This amount is likewise secured by the Second Preferred Ship Mortgage, Third Preferred Ship Mortgage, and Fourth Preferred Ship Mortgage previously filed on the Maya. A true and correct copy of the Thirteenth Variation Agreement is attached hereto as Exhibit "16." Additionally, on March 10, 2017, Marfield executed a Fifth Preferred Ship Mortgage over the whole of the Maya in favor of Caterpillar to secure all outstanding amounts due under the Marfield Loan. The Fifth Preferred

Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Loan Documents." (Exhibit "17", Section 1.1 "Secured Debt", 2.1.1). Caterpillar caused the Fifth Preferred ship Mortgage to be recorded on the Maya with the Panama Maritime Authority on April 18, 2017. A true and correct copy of the Fifth Preferred Ship Mortgage is attached as Exhibit "17" and is incorporated herein by reference. The First Preferred Ship Mortgage, the Second Preferred Ship Mortgage, the Third Preferred Ship Mortgage, the Fourth Preferred Ship Mortgage, and the Fifth Preferred Ship Mortgage are collectively referred to herein as the "**Marfield Vessel Mortgages**."

21.     From June 27, 2017 through December 21, 2017, the Marfield Lenders and Marfield executed another series of variations to the Marfield Loan Agreement reaffirming Marfield's obligations under the Marfield Loan Agreement, and deferring Marfield's payments due under the Marfield Loan Agreement. True and correct copies of the Fourteenth Variation Agreement dated June 27, 2017 and Fifteenth Variation Agreement dated December 21, 2017 are attached hereto as Exhibits "18" and "19."

*Marfield's default under the Marfield Loan Agreement and foreclosure of the Maya.*

22.     Sections 7.1 and 7.3 of the Marfield Loan Agreement provide that in the event that any payment of principal or interest is not paid when due, Marfield shall be in default under the Marfield Loan Agreement and all sums due thereunder, including without limitation the unpaid amounts of principal and interest, shall at once become due and payable at the option of the Marfield Lenders. (Exhibit "1", Sec. 7.1, 7.3)

23.     Marfield is now in default under the Marfield Loan Agreement, having failed to make any quarterly installment payments of principal and interest due under the Marfield Loan

Agreement since March 17, 2014. Because Marfield has failed to make its installment payments due under the Marfield Loan Agreement, the Marfield Lenders have declared and do hereby further declare all sums due thereunder immediately due and payable pursuant to Sections 7.1 and 7.3 of the Marfield Loan Agreement.

24.     Pursuant to Section 7.1 of the Marfield Vessel Mortgages, default under Article 7 of the Marfield Loan Agreement is an event of default under the Marfield Vessel Mortgages, entitling the Marfield Lenders to exercise their rights thereunder, including the right to "take possession of the Vessel, to foreclose this Mortgage and exercise its power of sale as mortgagee thereunder." Because Marfield is in default under the Marfield Loan Agreement and Marfield Vessel Mortgages, the Marfield Lenders desire to cause the Maya to be seized and sold at a sale to be conducted by the United States Marshal.

25.     The Ship Mortgage Act defines a "preferred mortgage" as a mortgage that is "executed under the laws of the foreign country under whose laws the ownership of the vessel is documented and has been registered under those laws in a public register at the port of registry of the vessel or at a central office." 46 U.S.C. § 31301(6)(b).

26.     The Panama Maritime Authority is the exclusive central office and public registry for documenting ownership of vessels and ship mortgages over vessels registered in Panama.

27.     The Marfield Vessel Mortgages are preferred ship mortgages as defined in 46 U.S.C. §§ 31301(6)(b), 31325(a). All of the acts and things required to be done in order to give the Marfield Vessel Mortgages the status of a preferred ship mortgage were done or caused to be done by the Marfield Lenders or the Panama Maritime Authority. A true and correct copy of the Marfield Certificate of Ownership and Encumbrance reflecting the recordation and valid

recognition of the Marfield Vessel Mortgages by the Panama Maritime Authority is attached hereto as Exhibit "20."

### *Balances owed to the Marfield Lenders.*

28. The balance due to Eksportfinans by Marfield under the Marfield Loan Agreement and First Preferred Ship Mortgage as of July 31, 2019 is $47,713,581.42, plus accruing interest and attorneys' fees and costs.

29. The balance due to Caterpillar by Marfield under the Marfield Loan Agreement and Second Preferred Ship Mortgage, Third Preferred Ship Mortgage, Fourth Preferred Ship Mortgage and Fifth Preferred Ship Mortgage as of July 31, 2019 is $64,781,041.48, plus accruing interest and attorneys' fees and costs.

### THE SHANARA LOAN

### *The Shanara Lenders' and KFW's Loans to Shanara and their Preferred Ship Mortgages over the Marango.*

30. On or about February 7, 2012, Caterpillar and Norway (the "**Shanara Lenders**") provided a loan to Shanara Maritime International S.A. ("**Shanara**") in the principal amount of $83,000,000, together with interest, attorneys' fees, and costs (the "**Shanara Loan**"), as more fully set forth in a Construction and Term Loan Agreement. Caterpillar's participation in the Shanara Loan was $44,000,000; Norway's participation in the Loan was $39,000,000. A true and correct copy of the Construction and Term Loan Agreement dated February 7, 2012 is attached hereto as Exhibit "21," and incorporated herein by reference. The Construction and Term Loan Agreement, and all Variation Agreements amending the Shanara Loan Agreement (discussed *infra*), are hereinafter collectively referred to as the "**Shanara Loan Agreement**."

31. To secure payment of all sums due to the Shanara Lenders under the Shanara Loan Agreement, Shanara, as Mortgagor, duly executed and delivered to the Shanara Lenders, as

Mortgagees, a First Preferred Ship Mortgage dated February 9, 2012 on the whole of the Marango, her engines, tackle, apparel, etc., all as more fully described therein. The First Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Finance Documents." (Exhibit "22", Sections 1.1 "Secured Debt", 4.1.1). The Shanara Lenders caused the First Preferred Ship Mortgage to be recorded on the Marango with the Panama Maritime Authority on March 13, 2012. A true and correct copy of the First Preferred Ship Mortgage is attached hereto as Exhibit "22" and is incorporated herein by reference.

32.     On or about January 16, 2013, KFW provided a loan to Shanara in the principal amount of $20,000,000, together with interest, attorneys' fees, and costs (the "**KFW Loan**") to finance the acquisition of several cranes to be installed aboard the Marango. The terms and conditions of the KFW Loan are set forth in the KFW Loan Agreement dated January 16, 2013 (the "**KFW Loan Agreement**"), a true and correct copy of which is attached hereto as Exhibit "23" and incorporated herein by reference.

33.     To secure payment of all sums due to KFW under the KFW Loan Agreement, Shanara, as Mortgagor, duly executed and delivered to KFW, as Mortgagee, a Second Preferred Ship Mortgage dated January 24, 2013 on the whole of the Marango, her engines, tackle, apparel, etc., all as more fully described therein. The Second Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to the Loan Agreement or any of the Security Documents." (Exhibit "24," Section 1.1 "Secured Debt", 4.1(a)). KFW caused the Second Preferred Ship Mortgage to be recorded on the Marango with the Panama Maritime Authority on

April 22, 2013. A true and correct copy of the Second Preferred Ship Mortgage is attached hereto as Exhibit "24" and is incorporated herein by reference.

34.     From June 27, 2014 through March 10, 2015, the Shanara Lenders and Shanara executed a series of amendments to the Shanara Loan Agreement (entitled "**Variation Agreements**"), reaffirming Shanara's obligations under the Shanara Loan Agreement, and deferring Shanara's payments due under the Shanara Loan Agreement. True and correct copies of the Variation Agreement dated June 27, 2014, the Second Variation Agreement dated January 7, 2015, and the Third Variation Agreement dated March 10, 2015, are attached hereto as Exhibits "25" through "27."

35.     On July 10, 2015, Caterpillar provided an additional loan facility of $3,500,000 to Shanara through the Fourth Variation Agreement, which is secured by the First Preferred Ship Mortgage. A true and correct copy of the Fourth Variation Agreement is attached hereto as Exhibit "28." Additionally, on July 23, 2015, Shanara executed a Third Preferred Ship Mortgage in favor of Caterpillar to secure all outstanding amounts due under the Shanara Loan, which was duly recorded with the Panama Maritime Authority on December 7, 2016. The Third Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Finance Documents." (Exhibit "29", Sections 1.1 "Secured Debt", 4.1.1). A copy of the Third Preferred Ship Mortgage is attached as Exhibit "29" and is incorporated herein by reference.

36.     From November 22, 2015 through December 21, 2016, the Shanara Lenders and Shanara executed another series of Variation Agreements to the Shanara Loan Agreement reaffirming Shanara's obligations under the Shanara Loan Agreement, and deferring Shanara's payments due under the Shanara Loan Agreement. True and correct copies of the Fifth Variation

Agreement dated November 22, 2015, Sixth Variation Agreement date February 25, 2016, Seventh Variation Agreement dated June 23, 2016, Eighth Variation Agreement dated November 2, 2016, and Ninth Variation Agreement dated December 21, 2016 are attached hereto as Exhibits "30" through "34."

37.     On February 23, 2017, Caterpillar provided an additional loan facility of $16,600,000 to Shanara through the Tenth Variation Agreement. This amount is likewise secured by the First Preferred Ship Mortgage and Third Preferred Ship Mortgage previously filed on the Marango. A true and correct copy of the Tenth Variation Agreement is attached hereto as Exhibit "35." Additionally, on March 10, 2017, Shanara executed a Fourth Preferred Ship Mortgage over the whole of the Marango in favor of Caterpillar to secure all outstanding amounts due under the Shanara Loan. The Fourth Preferred Ship Mortgage secures, "the aggregate of all sums (whether principal, interest, fee or otherwise) which are or at any time may be or become due from or owing by the Owner … pursuant to, any of the Finance Documents." (Exhibit "36", Sections 1.1 "Secured Debt", 4.1.1). Caterpillar caused the Fourth Preferred ship Mortgage to be recorded on the Marango with the Panama Maritime Authority on April 18, 2017. A true and correct copy of the Fourth Preferred Ship Mortgage is attached as Exhibit "36" and is incorporated herein by reference. The First Preferred Ship Mortgage, the Second Preferred Ship Mortgage, the Third Preferred Ship Mortgage, and the Fourth Preferred Ship Mortgage are collectively referred to herein as the "**Shanara Vessel Mortgages**."

38.     From June 27, 2017 through December 21, 2017, the Shanara Lenders and Shanara executed another series of Variations to the Shanara Loan Agreement reaffirming Shanara's obligations under the Shanara Loan Agreement, and deferring Shanara's payments due under the Shanara Loan Agreement. True and correct copies of the Eleventh Variation Agreement dated June

27, 2017 and Twelfth Variation Agreement dated December 21, 2017 are attached hereto as Exhibits "37" and "38."

### Shanara's default under the Shanara Loan Agreement and KFW Loan Agreement, and foreclosure of the Marango.

39.     Sections 22.1.1 and 22.2 of the Shanara Loan Agreement provide that in the event that any payment of principal or interest is not paid when due, Shanara shall be in default under the Shanara Loan Agreement and all sums due thereunder, including without limitation the unpaid amounts of principal and interest, shall at once become due and payable at the option of the Shanara Lenders.

40.     Shanara is now in default under the Shanara Loan Agreement, having failed to make any quarterly installment payments of principal and interest due under the Shanara Loan Agreement since March 17, 2014. Because Shanara has failed to make its installment payments due under the Shanara Loan Agreement, the Shanara Lenders have declared and do hereby further declare all sums due thereunder immediately due and payable pursuant to Sections 22.1.1 and 22.2 of the Shanara Loan Agreement.

41.     Pursuant to Section 7.1 of the Shanara Lenders' respective Shanara Vessel Mortgages, default under Article 22 of the Shanara Loan Agreement is an event of default under the Shanara Vessel Mortgages, entitling the Shanara Lenders to exercise their rights thereunder, including the right to "take possession of the Vessel, to foreclose this Mortgage and exercise its power of sale as mortgagee thereunder." Because Shanara is in default under the Shanara Loan Agreement and respective Shanara Vessel Mortgages, the Shanara Lenders desire to cause the Marango to be seized and sold at a sale to be conducted by the United States Marshal.

42.     Section 15.1 of the KFW Loan Agreement provides that in the event that any payment of principal or interest is not paid when due, Shanara shall be in default under the KFW

Loan Agreement and all sums due thereunder, including without limitation the unpaid amounts of principal and interest, shall at once become due and payable at the option of KFW.

43.     Shanara is now in default under the KFW Loan Agreement, having failed to make any payments of principal and interest due under the KFW Loan Agreement since January 30, 2014. Because Shanara has failed to make its installment payments due under the KFW Loan Agreement, KFW has declared and does hereby further declare all sums due thereunder immediately due and payable pursuant to Section 15.1 of the KFW Loan Agreement.

44.     Pursuant to Section 7.1 of the Second Preferred Ship Mortgage, default under Section 15.1 of the KFW Loan Agreement is an event of default under the Second Preferred Ship Mortgage, entitling KFW to exercise its rights thereunder, including the right to "take possession of the Vessel, to foreclose this Mortgage and exercise its power of sale as mortgagee thereunder." Because Shanara is in default under the KFW Loan Agreement and the Second Preferred Ship Mortgage, KFW desires to cause the Marango to be seized and sold at a sale to be conducted by the United States Marshal.

45.     The Ship Mortgage Act defines a "preferred mortgage" as a mortgage that is "executed under the laws of the foreign country under whose laws the ownership of the vessel is documented and has been registered under those laws in a public register at the port of registry of the vessel or at a central office." 46 U.S.C. § 31301(6)(b).

46.     The Panama Maritime Authority is the exclusive central office and public registry for documenting ownership of vessels and ship mortgages over vessels in Panama.

47.     The Shanara Vessel Mortgages are preferred ship mortgages as defined in 46 U.S.C. §§31301(6)(b), 31325(a). All of the acts and things required to be done in order to give the Vessel Mortgages the status of a preferred ship mortgage were done or caused to be done by the Shanara

Lenders, KFW, or the Panama Maritime Authority. A true and correct copy of the Certificate of Ownership and Encumbrance reflecting the recordation and valid recognition of the Shanara Vessel Mortgages by the Panama Maritime Authority is attached hereto as Exhibit "39."

**Balances owed to Lenders and KFW.**

48.     The balance due to Norway by Shanara under the Shanara Loan Agreement and First Preferred Ship Mortgage as of July 31, 2019 is $64,465,225.88, plus accruing interest and attorneys' fees and costs.

49.     The balance due to Caterpillar by Shanara under the Shanara Loan Agreement and the First Preferred Ship Mortgage, Third Preferred Ship Mortgage and Fourth Preferred Ship Mortgage as of July 31, 2019 is $67,747,912.66, plus accruing interest and attorneys' fees and costs.

50.     The balance due to KFW by Shanara under the KFW Loan Agreement and the Second Preferred Ship Mortgage as of July 31, 2019 is $22,321,871.48, plus accruing interest and attorneys' fees and costs.

## COUNT I – BREACH OF THE MARFIELD LOAN AGREEMENT

51.     The Marfield Lenders reallege each of the allegations of paragraphs 1 through 50 above, as if set forth in full herein.

52.     Because Marfield has failed to make any quarterly installment payments of principal and interest due under the Marfield Loan Agreement since March 17, 2014, Marfield is now in default under the Marfield Loan Agreement.

53.     The Marfield Lenders have declared and do hereby further declare all sums due thereunder immediately due and payable pursuant to Sections 7.1 and 7.3 of the Marfield Loan Agreement.

54.     The balance due to Eksportfinans by Marfield under the Marfield Loan Agreement and First Preferred Ship Mortgage as of as of July 31, 2019 is $47,713,581.42, plus accruing interest and attorneys' fees and costs. Eksportfinans seeks judgment against Marfield for this amount.

55.     The balance due to Caterpillar by Marfield under the Marfield Loan Agreement and Second Preferred Ship Mortgage, Third Preferred Ship Mortgage, Fourth Preferred Ship Mortgage and Fifth Preferred Ship Mortgage as of July 31, 2019 is $64,781,041.48, plus accruing interest and attorneys' fees and costs. Caterpillar seeks judgment against Marfield for this amount.

## COUNT II – ENFORCEMENT OF THE MARFIELD VESSEL MORTGAGES

56.     The Marfield Lenders reallege each of the allegations of paragraphs 1 through 55 above, as if set forth in full herein.

57.     The Marfield Lenders are parties to the Marfield Loan Agreement, and the Marfield Vessel Mortgages, and have the right in their own name to enforce and collect the obligations evidenced by the Marfield Loan Agreement and to enforce the Marfield Loan Agreement and Marfield Vessel Mortgages.

58.     Pursuant to 46 U.S.C. § 31325(b), the Marfield Lenders desire to enforce the terms and conditions of the Marfield Vessel Mortgages against the Maya.

59.     Because Marfield defaulted under the Marfield Loan Agreement and the Marfield Vessel Mortgages as specified above, the Marfield Lenders are entitled to have their liens and encumbrances of the Marfield Vessel Mortgages recognized and enforced as valid preferred ship mortgages against the Maya, and for such other legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

## COUNT III – NOTICE OF THE PROCEEDINGS TO MARFIELD

60.     The Marfield Lenders reallege each of the allegations of paragraphs 1 through 59 above, as if set forth in full herein.

61.     Pursuant to the United States Code and the local rules of this Court, notice of these proceedings must be given to the owner or master of the Maya and all persons who have recorded lien(s) over the Maya, and the Marfield Lenders request that the Court order such notification to be made to such persons by commercial courier, delivered to their last known address on file with the Panama Maritime Authority.

62.     Pursuant to local rule, the Marfield Lenders each agree to hold harmless and indemnify the United States Marshal and all of its deputies from any and all liability as a result of their seizure of the Maya.

## COUNT IV – BREACH OF THE SHANARA LOAN AGREEMENT
## AND KFW LOAN AGREEMENT

63.     The Shanara Lenders reallege each of the allegations of paragraphs 1 through 62 above, as if set forth in full herein.

64.     Because Shanara has failed to make any quarterly installment payments of principal and interest due under the Shanara Loan Agreement since March 17, 2014, Shanara is now in default under the Shanara Loan Agreement.

65.     The Shanara Lenders have declared and do hereby further declare all sums due thereunder immediately due and payable pursuant to Sections 7.1 and 7.3 of the Shanara Loan Agreement.

66.     The balance due to Norway by Shanara under the Shanara Loan Agreement and First Preferred Ship Mortgage as of July 31, 2019 is $64,465,225.88, plus accruing interest and attorneys' fees and costs. Norway seeks judgment against Shanara for this amount.

67.     The balance due to Caterpillar by Shanara under the Shanara Loan Agreement and the First Preferred Ship Mortgage, Third Preferred Ship Mortgage and Fourth Preferred Ship Mortgage as of July 31, 2019 is $67,747,912.66, plus accruing interest and attorneys' fees and costs. Caterpillar seeks judgment against Shanara for this amount.

68.      Because Shanara has failed to make any payments of principal and interest due under the KFW Loan Agreement since January 30, 2014, Shanara is now in default under the KFW Loan Agreement.

69.     KFW has declared and does hereby further declare all sums due thereunder immediately due and payable pursuant to Section 15.1 of the KFW Loan Agreement.

70.     The balance due to KFW by Shanara under the KFW Loan Agreement and the Second Preferred Ship Mortgage as of July 31, 2019 is $22,321,871.48, plus accruing interest and attorneys' fees and costs. KFW seeks judgment against Shanara for this amount.

## COUNT V – ENFORCEMENT OF THE SHANARA VESSEL MORTGAGES

71.     The Shanara Lenders and KFW reallege each of the allegations of paragraphs 1 through 70 above, as if set forth in full herein.

72.     The Shanara Lenders are parties to the Shanara Loan Agreement and the respective Shanara Vessel Mortgages, and have the right in their own name to enforce and collect the obligations evidenced by the Shanara Loan Agreement and to enforce the respective Shanara Vessel Mortgages.

73.     KFW is a party to the KFW Loan Agreement and KFW's Second Preferred Ship Mortgage, and has the right in its own name to enforce and collect the obligations evidenced by the KFW Loan Agreement and to enforce KFW's Second Preferred Ship Mortgage.

74.     Pursuant to 46 U.S.C. § 31325(b), the Shanara Lenders and KFW desire to enforce the terms and conditions of their respective Shanara Vessel Mortgages against the Marango.

75.     Because Shanara defaulted under the Shanara Loan Agreement, KFW Loan Agreement, and the Shanara Vessel Mortgages as specified above, the Shanara Lenders and KFW are entitled to have their liens and their encumbrances of the Shanara Vessel Mortgages recognized and enforced as valid preferred ship mortgages against the Marango, and for such other legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

## COUNT VI – NOTICE TO SHANARA

76.     Lenders and KFW reallege each of the allegations of paragraphs 1 through 75 above, as if set forth in full herein.

77.     Pursuant to the United States Code and the local rules of this Court, notice of these proceedings must be given to the owner or master of the Marango and all persons who have recorded lien(s) over the Marango, and the Shanara Lenders and KFW request that the Court order such notification to be made to such persons by commercial courier, delivered to their last known address on file with the Panama Maritime Authority.

78.     Pursuant to local rule, the Shanara Lenders and KFW each agree to hold harmless and indemnify the United States Marshal and all of its deputies from any and all liability as a result of their seizure of the Marango.

## VERIFICATION

79.     The verification of Caterpillar's authorized representative, verifying the facts of the Complaint are attached as Exhibit "40."

80.     The verification of Eksporfinans' authorized representative, verifying the facts of the Complaint are attached as Exhibit "41."

81.     The verification of Norway's authorized representative, verifying the facts of the Complaint are attached as Exhibit "42."

82.     The verification of KFW's authorized representative, verifying the facts of the Complaint are attached as Exhibit "43."

**WHEREFORE**, plaintiffs, Caterpillar Financial Services Asia Pte Ltd, Eksportfinans ASA, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH pray:

1.      That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the CABALLO MAYA, bearing Panama Official No. 42480-11, her engines, tackle and apparel, etc., and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the Vessel Mortgages in favor of Eksportfinans ASA and Caterpillar Financial Services Asia Pte Ltd, be declared to be valid and subsisting liens upon the CABALLO MAYA, her engines, tackle, apparel, etc., *in rem*, and that the said CABALLO MAYA be seized and sold to satisfy all amounts owed to Caterpillar Financial Services Asia Pte Ltd and Eksportfinans ASA, as set forth herein;

2.      That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the CABALLO MARANGO, bearing Panama Official No. 44435-12, her engines, tackle and apparel, etc., and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the Vessel Mortgages in favor of Caterpillar Financial Services Asia Pte Ltd, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH be declared to be valid and subsisting liens upon the CABALLO MARANGO, her engines, tackle, apparel, etc., *in rem*, and that the said CABALLO MARANGO be seized and sold to satisfy all

amounts owed to Caterpillar Financial Services Asia Pte Ltd, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH, as set forth herein;

3.      For judgment *in rem* against the CABALLO MAYA and CABALLO MARANGO, as provided by 46 U.S.C. § 31326, in the full amounts due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

4.      That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be deposited with the Court to satisfy all amounts owed to Caterpillar Financial Services Asia Pte Ltd, Eksportfinans ASA, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH;

5.      That notice of these proceedings be given to the owner or master of the M/V CABALLO MAYA, and the owner or master of the M/V CABALLO MARANGO, and all persons who have recorded lien(s) with the Panama Maritime Authority over the Vessels by commercial courier, delivered to their last known address on file with the Panama Maritime Authority;

6.      That judgment *in personam* against Marfield Ltd. Inc., in favor of Eksportfinans ASA and Caterpillar Financial Services Asia Pte Ltd, be rendered for the full amounts due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

7.      That judgment *in personam* against Shanara Maritime International S.A., in favor of Caterpillar Financial Services Asia Pte Ltd, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH, be rendered for the full amounts due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees; and

8.      That this Court grant Caterpillar Financial Services Asia Pte Ltd, Eksportfinans ASA, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH, such other and further relief which it may deed just and proper.

Respectfully submitted, this 13th day of August, 2019.

**McGlinchey Stafford PLLC**

*/s/ Anderson L. Cao*
ANDERSON L. CAO
Texas Bar No. 24031910
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone (713) 520-1900
Fax (713) 520-1025
acao@mcglinchey.com

**Attorneys for Intervenor-Plaintiffs,
Caterpillar Financial Services Asia Pte Ltd,
Eksportfinans ASA, the Norwegian Government,
represented by the Norwegian Ministry of Trade
and Industry and Eksportkreditt Norge AS, and
KFW IPEX-Bank GmbH**

ADAM C. McNEIL (pro hac vice to be submitted)
La. Bar No. 27001
**McGlinchey Stafford PLLC**
601 Poydras Street, Suite 1200
New Orleans, LA 70130

**Of counsel**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was e-filed with the Clerk of the Court and electronically served on all counsel of record via the Court's ECF E-Filing Service System on this the 13th day of August, 2019.

*/s/  Anderson L. Cao*
Anderson L. Cao

605056.1