UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORPORATIVO GRUPO R S.A. DE C.V. | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-01963 |
| MARFIELD LIMITED INCOPORATED AND SHANARA MARITIME INTERNATIONAL, S.A. | § § § | |

**DEFENDANTS' RESPONSE
TO MOTION TO INTERVENE**

To the Honorable Judge Alfred H. Bennet:

Defendants Marfield Ltd. Inc. and Shanara Maritime International, S.A. ("Defendants"), file this response in opposition to would-be Intervenors, Caterpillar Financial Services Asia Pte Ltd, Eksportfinans ASA, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH's ("Intervenors") Motion to Intervene because: (1) Intervenors do not have a sufficient interest to intervene as a matter of right; and (2) Intervenors have not alleged a claim that shares a common question of fact or law to intervene with permission.

Defendants respectfully request that Intervenors' Motion be denied.

### I.   BACKGROUND

1.   Marfield Ltd., Inc. is the owner of the M/V CABALLO MAYA, a Panama flagged heavy weight construction vessel bearing registration number 42480-11.

2. Shanara Maritime International S.A. ("Shanara") is the owner of the M/V CABALLO MARANGO, a Panama flagged heavy weight construction vessel bearing registration number 44435-12.

3. On or about December 12, 2008, two of the Intervenors, Caterpillar and Eksportfinans, provided a loan to Marfield that was secured by the M/V CABALLO MAYA.

4. On or about February 7, 2012, two of the Intervenors, Caterpillar and Norway, provided a loan to Shanara that was secured by the M/V CABALLO MARANGO.

5. On May 30, 2019, Plaintiff Grupo R filed a complaint seeking to enforce a foreign arbitral award against Defendants Shanara and Marfield. [Dkt. 1 at ¶¶ 52-53]. To secure Defendants' presence in this jurisdiction, Grupo R obtained an order from this Court arresting the CABALLO MAYA and the CABALLO MARANGO. [Dkt. 7]. No claims were made against the vessels themselves (i.e. *in rem*).

6. Despite not being a party to the arbitration proceedings and lacking an interest in the arbitration award, Intervenors filed their Motion to Intervene on August 13, 2019 based on the loans to Defendants and their ship mortgages on the CABALLO MAYA and the CABALLO MARANGO.

## II.   ARGUMENT

**A.   Intervenors lack the interest necessary to intervene as a matter of right.**

7. When a party seeks intervention as a matter of right under Rule 24 of the Federal Rules of Civil Procedure, it is required to establish:

(1) the motion to intervene is timely;

    (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which he seeks to intervene;

    (3) the disposition of that case may impair or impede the potential intervenor's ability to protect his interest; and

    (4) the existing parties do not adequately represent the potential intervenor's interest.

*John Doe #1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001); *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). If a party seeking to intervene fails to meet any one of those requirements, it cannot intervene as a matter of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Here, Intervenors cannot meet the second requirement because they cannot show a sufficient interest in the vessels.

    8.    An interest sufficient to support intervention must be direct, substantial, and legally protectable. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984). t is well settled that, "an economic interest alone is insufficient to intervene." *Id*; *see also Trans Chemical Limited vs. China Nat. Machinery Import and Export Corp.*, 332 F.3d 815 (5th Cir., 2003) ("[T]his Court held that the applicant's interest relating to the subject of the action must be 'direct and substantial' and must be 'something more than an economic interest.'"); *Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180, 184 (N.D. Tex. 1986) ("[A] purely economic interest is insufficient to justify intervention under Rule 24(a)(2)"). As the 5th Circuit explains:

> By requiring that the applicant's interest be not only "direct" and "substantial," but also "legally protectable," it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant. This is reflected by the requirement that the claim the applicant seeks intervention in order to assert be a claim as to which the applicant is the real party in

interest. The real party in interest requirement of Rule 17(a), Fed. R. Civ. P., "applies to intervenors as well as plaintiffs," as does also the rule that 'a party has no standing to assert a right if it is not his own.

*New Orleans Pub. Serv.*, 732 f.2d at 464.

9. In the current case, Intervenors have no interest or relation to the underlying claims in this suit because the subject of the lawsuit is a money judgment from an arbitration that Intervenors were not parties to and do not have an interest in. Furthermore, Intervenors rely on *X-Drilling Holdings* to support their contention that they have a sufficient interest in the underlying claim, which is erroneous because *X-Drilling Holdings* is distinguishable from the current case. While the court in *X-Drilling Holdings* did involve an arbitral award and allowed parties claiming maritime liens against vessels to intervene as a matter of right, the case involved *in rem* claims and involved the proceeds of the sale of a vessel that already occurred. *X-Drill Holdings Inc. v. Jack-Up Drilling Rig SE 83*, 320 F.R.D. 444, 447 (S.D. Tex. 2017) ("At issue is the disbursement of the remaining proceeds.").

10. In this suit, the CABALLO MAYA and CABALLO MARANGO are not the subject of Court-ordered sale (and may never be) and the case is not *in rem* but *in personam*. Furthermore, the vessels are only arrested to ensure that Defendants appear to the hearings on the arbitral award issued pursuant to under the Convention and 9 U.S.C. §§ 201, et seq." [Dkt. 1 at ¶52]. Defendants' other assets that could be used to pay a potential judgment upholding the arbitral award. Thus, Intervenors are premature to assert that their economic interest in the form of ship mortgages are in danger.

11. Because the subject of the lawsuit is a money judgment from an arbitration that Intervenors were not parties to and do not have an interest in, the vessels are not parties to the

lawsuit, and the sale of those vessels has not occurred or is eminent, Intervenors' Motion to Intervene as a matter of right should be denied.

**B.     Intervenors lack a claim sufficient to permissibly intervene.**

12.     Similar to their inability to intervene as a matter of right, Intervenors do not qualify for permissive intervention because it does not have a claim or defense that shares a common question of law or fact with the underlying claims. Rule 24(b) permits a court to allow a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In addition to this threshold requirement, a "court must exercise its discretion in deciding whether intervention should be allowed." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). In deciding whether to grant permissive intervention, the "court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties, and whether intervention will unduly delay the proceedings or prejudice existing parties." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289-90 (5th Cir. 1987), cert. denied, 484 U.S. 817 (1987).

13.     In the current case, Intervenors do not have a claim against Defendants and Defendants have not alleged a claim against Intervenors. Intervenors' decision to provide loans to the vessels CABALLO MAYA and CABALLO MARANGO does not create a claim or defense that can be alleged in this lawsuit. Instead, Intervenors are seeking only to protect economic interests.

### III.    CONCLUSION

14.     Intervenors' only interest in this suit are the ship mortgages. Intervenors do not have their own claim or defenses to assert against Defendants, they merely have an economic

interest in the potential judgment that may be rendered. Such an economic interest alone, however, cannot support intervention as a matter of law.

15. For these reasons, Defendants request that the Court deny Intervenors' Motion, and award all relief to which Defendants are entitled in law and equity.

Respectfully submitted,

**MILLS SHIRLEY L.L.P.**
2228 Mechanic Street, Suite 400
Galveston, Texas 77550
Phone/Fax: 409.761.4035

By: /s/ *Robert E. Booth*
   Robert E. Booth, Attorney-in-Charge
Texas Bar No. 24040546
S.D. Texas Bar No. 36858
rbooth@millsshirley.com
   Andres "Andy" O. Soto
Texas Bar No. 24071128
S.D. Texas Bar No. 1057789
asoto@millsshirley.com

**ATTORNEYS FOR DEFENDANTS, MARFIELD LIMITED INCORPORATED AND SHANARA MARITIME INTERNATIONAL, S.A.**

## CERTIFICATE OF SERVICE

I certify that on September 3, 2019, I served a copy of the foregoing document using the CM/ECF system on all parties.

By: /s/ *Robert E. Booth*
   Robert E. Booth, Attorney-in-Charge
Texas Bar No. 24040546
S.D. Texas Bar No. 36858