UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORPORATIVO GRUPO R S.A. DE C.V. § § v. § § MARFIELD LIMITED § INCOPORATED AND SHANARA § MARITIME INTERNATIONAL, S.A. § | CIVIL ACTION NO. 4:19-cv-01963 |

**DEFENDANTS' OBJECTION TO MOTION
AUTHORIZING PROCESS OF ARREST WARRANT (DKT. 32) AND
MOTION TO APPOINT SUBSTITUTE CUSTODIAN (DKT. 33)**

To the Honorable Judge Alfred H. Bennet:

Defendants Marfield Ltd. Inc. and Shanara Maritime International, S.A. ("Defendants"), file this objection to would-be Intervenors, Caterpillar Financial Services Asia Pte Ltd, Eksportfinans ASA, the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS, and KFW IPEX-Bank GmbH's ("Intervenors") Motion Authorizing Process of Arrest Warrant and Motion to Appoint Custodian (Dkt. 32) and Motion to Appoint Custodian (Dkt. 33) because Intervenors are not a party in this case and, therefore, cannot move to arrest vessels under the Admiralty Rules and cannot appoint a custodian over those vessels that they have no right to arrest in the first place.

Defendants respectfully request that Intervenors' Motions be struck and/or denied.

## I. BACKGROUND

1. Marfield Ltd., Inc. is the owner of the M/V CABALLO MAYA, a Panama flagged heavy weight construction vessel bearing registration number 42480-11.

2.	Shanara Maritime International S.A. ("Shanara") is the owner of the M/V CABALLO MARANGO, a Panama flagged heavy weight construction vessel bearing registration number 44435-12.

3.	On August 13, 2019 Intervenors filed their Motion to Intervene based on the loans to Defendants and their ship mortgages on the CABALLO MAYA and the CABALLO MARANGO. *See* Dkt. 24. The proposed intervention would introduce new claims to the lawsuit and add new defendants.

4.	The Court has not yet ruled on Intervenors' Motion to Intervene.

5.	Despite not being a party, on September 13, 2019, Intervenors filed a Motion Authorizing Process of Arrest Warrant and a Motion to Appoint Custodian. *See* Dkt. 32 and 33.

## II.   ARGUMENT

6.	When a non-party seeks intervention as a matter of right under Rule 24 of the Federal Rules of Civil Procedure, it is "only when the court permit[s] them to intervene that [they become] parties to the action, equal in status to the original parties." *White v. Texas American Bank/Galleria, N.A.*, 958 F.2d 80, 83 (5th Cir. 1992) (holding that "until the Appellants received leave to intervene, they were not parties to the suit.").

7.	The Fifth Circuit Court of Appeals has also held that "[u]nder the Federal Rules of Civil Procedure, it is clear that parties are permitted to file pleadings and otherwise be heard in a civil action, **but that a non-party cannot either file pleadings or be heard. This seems quite basic**." *Gehan Props. II, Ltd. v. Integrated Performance Sys.*, 2007 Bankr. LEXS 2390 at *6 (Bankr. N.D. Tex. 2007) (emphasis added). *See also Travelers Indem. Co. v. Worrell Express, LLC*, 2014 U.S. Dist. LEXS 201212 at *7-8 (W.D. Ten. 2014).

8. Here, the Court has not yet ruled on ntervenors' Motion to ntervene and, consequently, Intervenors are not a party to this suit. Until the Court rules on their Motion to Intervene, Intervenors cannot properly file either of their Motions.

9. Moreover, the Admiralty Rules governing attachments of vessels leave no room for non-parties to begin the attachment process. n fact, the Admiralty Rules make it clear that only a plaintiff—with a verified complaint—can move to arrest a vessel. "Supplemental Rule E provides procedural rules for both attachment and arrest …. Rule B is an adjunct to a claim in personam. When the defendant cannot 'be found within the district,' the **plaintiff** may 'attach the defendant's goods and chattels.' Thus, the **plaintiff**'s claim is against the person, not the thing, but if the person cannot be found in the district, the **plaintiff** is protected by the ability to proceed against the thing." *Sembawang Shipyard, Ltd. v. Charger, Inc.,* 955 F.2d 983, 987 (5th Cir. 1992) (citing the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions).

10. Here, Intervenors have filed a Motion to Intervene alleging complaints against Defendants but have not been granted the right to Intervention. Intervenors are therefore not parties, nor plaintiffs. Consequently, Intervenors cannot move to arrest the M/V CABALLO MAYA or the M/V CABALLO MARANGO or appoint a custodian.

### III.   CONCLUSION

11. Intervenors are not a party to this lawsuit and as such have no standing to plead or otherwise be heard by the Court. This is especially true regarding the arrest of vessels under the Rules of Admiralty law, which only allows for plaintiffs to move for the arrest of a vessel.

12. For these reasons, Defendants request that the Court strike and/or deny Intervenors' Motions and award all relief to which Defendants are entitled in law and equity.

Respectfully submitted,

**MILLS SHIRLEY L.L.P.**
2228 Mechanic Street, Suite 400
Galveston, Texas 77550
Phone/Fax: 409.761.4035

By: */s/ Robert E. Booth*
     Robert E. Booth, Attorney-in-Charge
Texas Bar No. 24040546
S.D. Texas Bar No. 36858
rbooth@millsshirley.com
     Andres "Andy" O. Soto
Texas Bar No. 24071128
S.D. Texas Bar No. 1057789
asoto@millsshirley.com

**ATTORNEYS FOR DEFENDANTS,
MARFIELD LIMITED INCORPORATED
AND SHANARA MARITIME
INTERNATIONAL, S.A.**

### CERTIFICATE OF SERVICE

I certify that on October 3, 2019, I served a copy of the foregoing document using the CM/ECF system on all parties.

By: */s/ Robert E. Booth*
     Robert E. Booth, Attorney-in-Charge
Texas Bar No. 24040546
S.D. Texas Bar No. 36858