IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CORPORATIVO GRUPO R SA de C.V.,** § § | |
| **Plaintiff,** § | **CIVIL ACTION NO. H-19-1963** |
| § | |
| **v.** § | |
| § | |
| **MARFIELD LIMITED INCORPORATED, and SHANARA MARITIME INTERNATIONAL, S.A.,** § § § § | |
| § | |
| **Defendants** § | |

### INTERVENOR-PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO STIPULATION TO APPORTION CUSTODIA LEGIS COSTS

Intervenor-Plaintiffs, Caterpillar Financial Services Asia Pte Ltd ("Caterpillar"); Eksportfinans ASA ("Eksportfinans"); the Norwegian Government, represented by the Norwegian Ministry of Trade and Industry and Eksportkreditt Norge AS (collectively "Norway"); and KFW IPEX-Bank GmbH ("KFW") (collectively "Intervenor-Plaintiffs") reply to Defendants' Objection To Stipulation to Apportion Custodia Legis Costs (Dkt. 39) as follows:

**I.    BACKGROUND**

1. At the initial pretrial and scheduling conference held on September 20, 2019, the Court received oral argument from the parties regarding the Intervenor-Plaintiffs' Motion to Intervene, Motion Authorizing Process Of Arrest Warrant, and Motion To Appoint Substitute Custodian (the "Motions"). The Court stated that it was inclined to grant Intervenor-Plaintiffs' pending Motions for judicial economy purposes. Those Motions remain pending before the Court.

2. In anticipation of the Court's granting of the Motions, Intervenor-Plaintiffs and plaintiff, Corporativo Grupo R SA de CV ("Grupo R"), entered into a Stipulation (Dkt. 35) that would shift the custodial costs going forward on a pro rata basis; however, the Stipulation is only

effective upon the Court's granting of the pending Motions.  Further, ultimate resolution of the amount and responsibility of *custodia legis* expenses will be decided by the Court and, as noted by Defendants, deducted from any judicially ordered sale.

3. Defendants Marfield Ltd. Inc. and Shanara Maritime International, S.A. ("Defendants") filed an Objection to the Stipulation (Dkt. 39) on October 8, 2019.  Defendants contend that a marine survey is not a true *custodia legis* expense and that Intervenor-Plaintiffs cannot incur *custodia legis* expenses because the Court has not yet granted Intervenor-Plaintiffs' Motion to Intervene.

## II. LAW AND ARGUMENT

### A. Courts Routinely Allow Intervenors To Contemporaneously Move to Arrest And To Share In Custodia Legis Expenses.

4. As more fully set forth in Intervenor-Plaintiffs' Reply to Defendants' Objection to Motion authorizing Process of Arrest Warrant and Motion to Appoint Substitute Custodian (Dkt. 38), claimants routinely file their motions to intervene, verified complaints, and motions seeking process of arrest warrant concurrently, and courts have issued rulings addressing all such relief sought in a single order.  *See Berry Contr., LP v. M/V Aries Swan,* C-08-312, 2008 U.S. Dist. LEXIS 82215 *3-4 (S.D. Tex. 10/16/08); *Iafeta v. M/V Stella Maris*, 10-20740, 2010 U.S. Dist. LEXIS 95754 (S.D. Fla. 8/31/10).

5. A district court may condition an intervenor's intervention in an admiralty action based upon a sharing of *custodia legis* expenses.  *Berry Contr., LP*, Slip Op. at p. 2, citing *Beauregard Inc. v. Sword Servs. L.L.C.*, 107 F. 3d 351, 352 (5th Cir. 1997).  *Custodia legis* expenses are defined as expenses incurred "when a vessel is in the custody of the law, having been seized by the Marshal." *United States v. One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. 413, 416 (E.D. La. 1983) (*internal citations omitted*).

6. "It is a well-established tenet of admiralty law that the arresting plaintiff and the intervening plaintiffs share in the costs of maintaining the *res* until resolution of the case. *Lubricantes Venoco Int'l v. M/V Neveris*, 60 Fed. Appx. 835, 842 (1st Cir. 2003) (citing *Beauregard Inc. v. Sword Servs. L.L.C.*, 107 F. 3d 351, 353 (5th Cir. 1997)); *See also D.D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F. 2d 1556, 1562 (11th Cir. 1987) ("We find it inconceivable that by being the first party to arrest the vessels, and thereby being the party to arrange for a substitute custodian, Transamerica should become wholly liable for the administrative expense of maintaining the vessels.")

7. By entering into the Stipulation, Intervenor-Plaintiffs shows their commitment to paying their fair share of the *custodia legis* expenses once the intervention is granted.

8. The legitimacy, amount and apportionment of the *custodia legis* costs are, of course, subject to final court approval. *Gulf Copper & Mfg. Corp. v. M/V Lewek Express*, 2019 U.S. Dist. LEXIS 9754929 (S.D. Tx. June 11, 2019); *Adams Offshore, Ltd. v. Con-Dive, LLC*, 2011 U.S. Dist. LEXIS 53154 (S.D. Al. May 17, 2011).

9. Intervenor-Plaintiffs and Grupo R's Stipulation (Dkt. 35) on *custodia legis* costs does not require court action. Moreover, any request for payment or reimbursement of *custodia legis* costs are subject to approval from the Court.

### B. Survey Expenses Are Recoverable As Custodia Legis Expenses

10. While there is no need for the Court to decide this issue at this time, marine surveys have been found to be reimbursable as a *custodia legis* expense. *Turner v. Neptune Towing & Recovery, Inc.*, 2011 U.S. Dist. LEXIS 108882 (M.D. Fl. Sept. 21, 2011), Slip Op. at p. 11-12 (Table 3).

### III.   CONCLUSION

11. For the reasons set forth above, Defendants' request to strike Grupo R and Intervenor-Plaintiffs' Stipulation should be denied.

Respectfully submitted, this 15th day of October, 2019.

**McGlinchey Stafford PLLC**

*/s/ Anderson L. Cao*
ANDERSON L. CAO
Texas Bar No. 24031910
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone (713) 520-1900
Fax (713) 520-1025
acao@mcglinchey.com

*/s/ Adam C. McNeil*
ADAM C. McNEIL
Texas Bar No. 24113306
601 Poydras Street, 12th Floor
New Orleans, LA  70130
Telephone (504) 596-2824
Fax (504) 910-7970
amcneil@mcglinchey.com

**Attorneys for Intervenor-Plaintiffs,
Caterpillar Financial Services Asia Pte Ltd,
Eksportfinans ASA, the Norwegian Government,
represented by the Norwegian Ministry of Trade
and Industry and Eksportkreditt Norge AS, and
KFW IPEX-Bank GmbH**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all counsel of record by delivering a copy of same via the Court's CM/ECF System, this 15th day of October, 2019.

*/s/ Adam C. McNeil*
Adam C. McNeil